IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNELL PRICE, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-cv-583 |
|     v. | : | |
| | : | (Judge Kane) |
| W. TED WILLIAMS, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

**I.    PROCEDURAL BACKGROUND**

Pro se Plaintiff Donnell Price ("Plaintiff") initiated this action on March 13, 2018, by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants W. Ted Williams ("Williams"), Physician's Assistant Hans Reisinger ("Reisinger"), Nurse Ficks ("Ficks"), Dr. Doll ("Doll"), Activities Manager Gray ("Gray"), Dr. Bainbridge ("Bainbridge"), Unit Manager Alexander ("Alexander"), Unit Manager Lechner ("Lechner"), Major Haldman ("Haldman"), Facility Manager M. Garman ("Garman"), and John Wetzel ("Wetzel"). (Doc. No. 1.) In his complaint, Plaintiff alleges that: (1) Defendants violated his rights under the Eighth Amendment to the United States Constitution by demonstrating deliberate indifference to his medical needs; (2) Defendants Haldman, Alexander, Garman, and Wetzel violated his rights under the First Amendment to the United States Constitution by retaliating against him for filing administrative grievances; and (3) Defendants Williams, Reisinger, Doll, and Bainbridge committed medical malpractice. (Id. at 24-27.) In an Order filed on May 21, 2018, the Court directed service of Plaintiff's complaint upon the Defendants. (Doc. No. 9.)

On July 19, 2018, Defendants Doll, Ficks, and Reisinger filed a motion to dismiss for failure to state a claim (Doc. No. 19) and a brief in support of that motion (Doc. No. 20). Defendants Alexander, Garman, Gray, Haldman, Lechner, Wetzel, and Williams filed an answer

to the complaint on July 20, 2018. (Doc. No. 21.) Plaintiff filed a brief in opposition to the motion to dismiss on August 2, 2018. (Doc. No. 24.) Subsequently, Plaintiff filed a motion to amend his complaint on August 15, 2018. (Doc. No. 27.)

Having received no waiver of service from Defendant Bainbridge, the Court, in an Order filed on August 21, 2018, directed that a summons be issued and that the United States Marshal serve Bainbridge with Plaintiff's complaint. (Doc. No. 29.) Plaintiff filed a second motion to amend his complaint (Doc. No. 31) and brief in support (Doc. No. 32) on September 24, 2018. On October 17, 2018, the Court denied Plaintiff's first motion to amend without prejudice to his right to refile such a motion in conformity with the applicable Local Rules. (Doc. No. 33.) On October 30, 2018, Plaintiff refiled his motion to amend his complaint (Doc. No. 34) and brief in support (Doc. No. 35). On November 7, 2018, the summons issued as to Bainbridge was returned as unexecuted, with a note that Bainbridge was no longer employed at the State Correctional Institution Rockview ("SCI Rockview"). (Doc. No. 37.)

On December 26, 2018, Plaintiff filed a notice of address for Bainbridge, indicating that Bainbridge had been a contract employee of Correct Care Solutions, LLC and providing the address of Correct Care Solutions, LLC's chief counsel for service purposes. (Doc. No. 40.) In an Order filed on January 4, 2019, the Court denied as moot the motion to dismiss filed by Doll, Ficks, and Reisinger; denied as moot Plaintiff's second motion to amend his complaint; and granted in part and denied in part Plaintiff's third motion to file an amended complaint. (Doc. No. 41.)[1] Specifically, the Court denied Plaintiff's motion to amend to join R. Ellers as a

---

[1] In a footnote, the Court also noted that more than ninety (90) days had elapsed since the filing of the complaint and Bainbridge had not been served within that time. (Doc. No. 41 at 1 n.1.) The Court therefore indicated that it would order Plaintiff "to show cause, within sixty (60) days of the date of this Order, why Defendant Bainbridge should not be dismissed pursuant to Fed. R. Civ. P. 4(m)." (Id.) Plaintiff was advised that if he did not show cause within that time,

Defendant and granted the motion in all other respects. (Id.) Plaintiff's amended complaint was docketed that same day. (Doc. No. 42.) Because Plaintiff did not name Ficks as a Defendant in his amended complaint, she was terminated from the docket of this action.

After receiving an extension of time to do so (Doc. No. 48), Defendants Alexander, Garman, Gray, Haldman, Lechner, Wetzel, and Williams filed an amended answer on February 8, 2019. (Doc. No. 49.) Defendants Doll and Reisinger filed a motion to dismiss the amended complaint (Doc. No. 50) and brief in support of that motion (Doc. No. 51) on February 15, 2019. In an Order filed on March 7, 2019, Magistrate Judge Carlson noted that Plaintiff had not responded to the motion to dismiss and that his time for filing a response had passed. (Doc. No. 52 at 1.) Accordingly, Magistrate Judge Carlson directed Plaintiff to respond to the motion to dismiss on or before March 22, 2019. (Id.) He advised Plaintiff that failure to do so "may result in the motion being deemed unopposed and granted." (Id.) To date, Plaintiff has neither filed a brief in opposition to the motion to dismiss or a motion for an extension of time to respond. Accordingly, because the deadline for a response has expired, the motion to dismiss is ripe for resolution.

## II. PLAINTIFF'S ALLEGATIONS

With respect to Defendants Doll and Reisinger, Plaintiff alleges that on March 7, 2016, he was using the pull-up bar in the recreation yard at SCI Rockview. (Doc. No. 42 ¶ 19.) The bar "broke away from the station," and Plaintiff "fell and instantly felt pain in his left knee, ankle

---

Bainbridge would be dismissed from this action. (Id.) Although Plaintiff has not shown cause, as noted above, he did, prior to the filing of the Court's January 4, 2019 Order, provide another address for another attempt at serving Bainbridge. Accordingly, the Court will not dismiss Bainbridge at this time and instead will direct that Bainbridge be served using the address provided by Plaintiff.

3

and left arm and was escorted to the medical building with the assistance of other inmates." (Id. ¶¶ 19-20.) Medical staff issued Plaintiff a crutch, ice pack, and an ace bandage. (Id. ¶ 21.)

That night, Plaintiff experienced back pain that prevented him from sleeping. (Id. ¶ 21.) He was seen by medical staff again on March 8, 2016. (Id. ¶ 22.) Plaintiff told a nurse about his back pain, and the nurse gave him ibuprofen and referred him to sick call. (Id.) At sick call, Defendant Reisinger assessed Plaintiff "and ordered for the continued use of the crutch and ace bandage." (Id. ¶ 23.) Plaintiff saw Defendant Reisinger again on March 16, 2016, and "continued to notify medical staff about having back spasms." (Id. ¶ 24.) He was given more ibuprofen and was told that he would only receive ibuprofen because his X-rays were normal. (Id.)

On June 15, 2016, Plaintiff was taken to the medical department with complaints of severe back pain that ran down his leg and made him unable to walk. (Id. ¶ 30.) He told medical staff what was wrong and then was "injected with an unidentifiable substance in [his] shoulder and then [he] passed out." (Id. ¶ 31.) At some point, Plaintiff was provided a cane to use. (Id. ¶¶ 36, 39.) He was also prescribed various medications, including Tylenol 3, Pamelor, and over the counter medications. (Id. ¶¶ 80, 124.) Plaintiff's X-rays showed no sign of injury. (Id. ¶ 79.) Plaintiff alleges that at some point, Defendant Reisinger informed him that his injury was sciatic nerve damage, which Defendant Reisinger concluded from Plaintiff's subjective complaints. (Id. ¶ 81.)

On July 13, 2016, Defendant Doll told Plaintiff that he had to return the cane. (Id. ¶ 65.) Plaintiff told Defendant Doll that he still experienced pain and could not walk properly without the cane. (Id. ¶ 66.) Plaintiff alleges that Defendant Doll suggested that he file a grievance

4

regarding the issue. (Id. ¶¶ 66-67.) Without the cane, Plaintiff was no longer allowed to eat during the "cane and crutch line." (Id. ¶ 82.)

On August 16, 2016, Plaintiff alleges that he was brought to his knees with throbbing pain. (Id. ¶ 83.) He was placed in the medical department's overnight observation unit. (Id. ¶ 85.) A nurse offered Plaintiff medication, but he refused it because he had not eaten breakfast. (Id. ¶ 86.) Plaintiff also received an injection in his shoulder. (Id. ¶ 87.) Plaintiff alleges that the injection did not ease his pain and that unnamed staff did not evaluate him or determine what was wrong. (Id. ¶¶ 85-98, 106-107.)

At some point, the medical department granted Plaintiff permission to receive his meals in his housing unit so that he would not have to walk to the dining hall. (Id. ¶ 108.) That accommodation was revoked forty (40) days later. (Id.) Defendant Doll told Plaintiff that Defendant Haldman had ordered the termination of the accommodation. (Id. ¶ 109.)

On an unknown date, Plaintiff was taken to see a specialist and receive an EMG test. (Id. ¶ 108.) He told the specialist that he had been denied an MRI, and the specialist determined that an MRI was necessary. (Id. ¶¶ 127-28.) The specialist also recommended medications. (Id. ¶ 129.) After returning to SCI Rockview, Plaintiff requested the recommended medications, but Defendant Reisinger told him that he did not need them. (Id. ¶ 132.) Plaintiff subsequently saw another specialist and received an MRI. (Id. ¶ 134.)

Plaintiff alleges that he was not provided the results of the MRI. (Id. ¶ 135.) After seeing another specialist for an unrelated injury, he learned that he had three (3) bulging discs in his back. (Id. ¶ 136.) Plaintiff also learned, after reviewing his medical file, that he had degenerative changes of the lower lumbar spine as well as mild to moderate bilateral neural foraminal stenosis. (Id. ¶¶ 135-39.) Outside providers recommended a surgical consultation for

5

these issues. (Id. ¶ 139.) Plaintiff alleges that because of his spinal injury, he cannot properly digest meals, "vomits everything he [tries] to eat," and has lost over twenty (20) pounds. (Id. ¶¶ 142-43.) Defendant Reisinger prescribed an anti-inflammatory medication for these symptoms. (Id. ¶ 144.)

Based on these allegations, Plaintiff alleges that Defendants Doll and Reisinger violated his rights under the Eighth Amendment to the United States Constitution. (Id. ¶¶ 152-60.) He also raises state law medical malpractice claims. (Id. ¶¶ 168-70.) Plaintiff seeks relief in the form of a declaratory judgment as well as compensatory and punitive damages. (Id. ¶ 171.)

## III. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b).[2] District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Thus, if an entire action can be dismissed sua sponte for failure to prosecute, the Court believes that it "also has the power to grant a pending motion, dismissing some of the defendants but not the entire matter, on the same basis." Woods v. Malinowski, No. 17-17, 2018 WL 3999660, at *1 (W.D. Pa. July 18, 2018), Report and Recommendation adopted as modified by 2018 WL 3997344 (W.D. Pa. Aug. 21, 2018). In the instant case, Plaintiff has failed to prosecute his claims against Defendants Doll and Reisinger by failing to file a brief in opposition to their pending motion to dismiss, despite being directed to do so in Magistrate Judge Carlson's March 7, 2019 Order. (Doc. No. 52.) When

---

[2] While the pending motion to dismiss is deemed unopposed pursuant to Local Rule 7.6, the Court declines to grant the motion on that basis. See Shuey v. Schwab, 350 F. App'x 630, 633 (3d Cir. 2009) (not precedential) (finding that Poulis properly governs the situation where a litigant fails to respond to a motion to dismiss, and concluding that it was error to grant motion to dismiss as unopposed without a merits analysis).

6

determining whether to dismiss an action or part of an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance six (6) factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors need be satisfied to dismiss a complaint or a claim. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009).

As to the first factor, it is Plaintiff's sole responsibility to comply with Court orders. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Winston v. Lindsey, Civ. No. 09-224, 2011 U.S. Dist. LEXIS 137022, at *6 (W.D. Pa. Nov. 30, 2011) (concluding that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims"). Here, Plaintiff was specifically warned that his failure to file a brief in opposition to the motion to dismiss "may result in the motion being deemed unopposed and granted." (Doc. No. 52 at 2.) To date, Plaintiff has not filed a brief in opposition. This factor therefore weighs in favor of dismissing Plaintiff's claims against Defendants Doll and Reisinger.

As to the second factor, in Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. See Poulis, 747 F.2d at 868. Here, Defendants Doll and Reisinger have filed a motion to dismiss Plaintiff's amended complaint, arguing that he has not stated a plausible Eighth Amendment claim against them and that his medical malpractice claim should be dismissed due to Plaintiff's failure to file a certificate of merit. (Doc. No. 51 at 5-22.) Plaintiff did not file a response to the motion.

7

Magistrate Judge Carlson allowed Plaintiff additional time to file a response, and nothing has been received. Thus, the Court concludes that Defendants Doll and Reisinger are prejudiced as they are being asked to defend a case where Plaintiff has not set forth plausible claims for relief against them.

Examining the third factor, a history of dilatoriness, Plaintiff has been given approximately two (2) months to file a response to the motion to dismiss and has not done so. Plaintiff's last communication with the Court was on January 7, 2019, when the Court received his motion to appoint counsel. (Doc. No. 43.) His failure to respond to the motion to dismiss, despite being ordered to do so, indicates an intent to not continue with his claims against Defendants Doll and Reisinger.

The Court finds that the fourth factor, whether Plaintiff's conduct was willful or in bad faith, also weighs in favor of dismissal of his claims against Defendants Doll and Reisinger. Plaintiff's failure to abide by the Court's Order "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work Release, Civ. No. 10-1657, 2010 U.S. Dist. LEXIS 128400, at *5-6 (M.D. Pa. Dec. 6, 2010). Moreover, there is no indicate that Plaintiff's failure to respond was the result of any excusable neglect.

As to the fifth factor, effectiveness of sanctions other than dismissal, the Court notes that Plaintiff is proceeding in forma pauperis. Thus, any sanctions imposing costs or fees upon him would be ineffective. See Woods, 2018 WL 3999660, at *2.

The sixth Poulis factor requires the Court to consider whether Plaintiff's claims are meritorious. Because Plaintiff's failure to prosecute relates only to Defendants Doll and Reisinger's motion to dismiss, the Court will focus on his claims against them. Upon review of Plaintiff's amended complaint, the Court agrees that Plaintiff has failed to allege a plausible

Eighth Amendment claim against Defendants Doll and Reisinger. To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant (1) was subjectively deliberately indifferent to (2) plaintiff's objectively serious medical needs. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge if it shows that the excessive risk was so obvious that the official must have known about it. See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842)). The Third Circuit has found deliberate indifference when a prison official: (1) knows of a prisoner's need for medical treatment and intentionally refuses to provide it; (2) delays necessary medical treatment for a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation. White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990); see Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."); Pearson v. Prison Health Servs., 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper

9

absent evidence that it violates professional standards of care."). If there is a dispute over the adequacy of the received treatment, courts have consistently been reluctant to second-guess the medical judgment of the attending physician. Caldwell v. Luzerne Cty. Corr. Facility Mgmt. Emp., 732 F. Supp. 2d 458, 472 (M.D. Pa. 2010) ("Courts will not second guess whether a particular course of treatment is adequate or proper."); Little v. Lycoming Cty., 912 F. Supp. 809, 815 (M.D. Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996). Therefore, a mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment that the inmate receives does not support a claim of deliberate indifference. Pearson, 850 F.3d at 535; Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Moreover, a prison doctor's use of a different treatment regimen than that prescribed by a private physician does not necessarily amount to deliberate indifference. Johnson v. Cash, 557 F. App'x 102, 104 (3d Cir. 2013) (per curiam) (citing McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977)). The question is thus "whether the defendant has provided the plaintiff with some type of treatment, despite whether it is what plaintiff wants." Jacobs v. Lisiak, Civ. No. 15-00686, 2016 WL 344431, at *4 (M.D. Pa. Jan. 28, 2016); Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).

Here, Plaintiff's allegations against Defendants Doll and Reisinger amount to disagreement with the medical treatment provided by them. With respect to Defendant Reisinger, Plaintiff admits that he assessed Plaintiff on various occasions and treated his ailments. (Doc. No. 42 ¶¶ 23-24, 81, 144.) While he suggests that Defendant Reisinger did not prescribe him certain medications even after those medications were recommended by an outside specialist, Defendant Reisinger's decision to not follow that treatment regimen does not amount to deliberate indifference. See Johnson, 557 F. App'x at 104; Gause v. Diguglielmo, 339 F.

App'x 132, 136 (3d Cir. 2009) (concluding that disputes over medication do not rise to the level of an Eighth Amendment violation). With respect to Defendant Doll, Plaintiff's only allegation is that she stopped his medical order for a cane four (4) months after his injury despite his complaints of pain. (Doc. No. 42 ¶¶ 65-67.) Nothing in the amended complaint, however, suggests that this decision was not an exercise of her medical judgment. Rather, Plaintiff simply disagrees with how Defendants Doll and Reisinger chose to manage his injuries and pain.

Plaintiff also seems to suggest that his Eighth Amendment rights were violated when medical staff delayed his receipt of an MRI and did not order a surgical consultation despite a recommendation to do so by outside providers. (Id. ¶¶ 127-28, 130-34, 139.) However, nothing in Plaintiff's amended complaint suggests that Defendants Doll and Reisinger were involved in the decisions regarding Plaintiff's receipt of an MRI and the denial of a surgical consultation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that "[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity"). Even if they were, the amended complaint indicates that Plaintiff received other diagnostic tests, including X-rays and an EMG. (ECF No. 42 ¶¶ 24, 279, 126.) The decision to not provide an MRI sooner simply does not amount to deliberate indifference. See Giamboi v. Prison Health Servs. Inc., No. 3:11-cv-159, 2011 WL 5322769, at *9-13 (M.D. Pa. June 2, 2011) (concluding that inmate plaintiff's allegation that defendants failed to order an MRI did not set forth a plausible claim for deliberate indifference because defendants were treating the inmate plaintiff for sciatica), Report and Recommendation adopted by 2011 WL 5244507 (M.D. Pa. Nov. 2, 2011). Moreover, with respect to the denial of a surgical consultation, prison doctors are not bound by the recommendations of an outside provider. Johnson, 557 F. App'x at 104. For

11

these reasons, the Court agrees that Plaintiff's Eighth Amendment claims against Defendants Doll and Reisinger are subject to dismissal.

The Court also agrees that Plaintiff's medical malpractice claim against Defendants Doll and Reisinger is subject to dismissal based on Plaintiff's failure to file a certificate of merit. Under Rule 1042.3 of the Pennsylvania Rules of Civil Procedure, plaintiffs seeking to raise medical malpractice claims must file a valid certificate of merit. That rule states in pertinent part:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard; or
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3. The requirements of Rule 1042.3 are deemed substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. Liggon-Reading v. Estate of Sugarman, 659 F.3d 258, 262-65 (3d Cir. 2011); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007). This requirement applies with equal force to counseled complaints and to pro se medical malpractice actions brought under state law. See Hodge v. Dep't of Justice, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of

medical negligence claim for failure to file a certificate of merit); <u>Levi v. Lappin</u>, No. 07-1839, 2009 WL 1770146, at *1 (M.D. Pa. June 22, 2009).

Here, Plaintiff has failed to file a certificate of merit. The usual consequence for failing to file a certificate of merit is dismissal of the claim without prejudice. <u>Booker v. United States</u>, 366 F. App'x 425, 427 (3d Cir. 2010). However, dismissal with prejudice is proper when the statute of limitations has run on the claim. <u>Smith v. Bolava</u>, No. 14-cv-5753, 2015 WL 2399134, at *3 (E.D. Pa. May 20, 2015) (quoting <u>Booker</u>, 366 F. App'x at 427). Pennsylvania's statute of limitations for medical malpractice claims is two years. <u>See</u> 42 Pa. Cons. Stat. § 5524(7). Here, the Court cannot discern whether Plaintiff's claims are completely time-barred, as he fails to provide dates for some of the allegations set forth above. Accordingly, the Court will dismiss Plaintiff's medical malpractice claim without prejudice.

Upon balancing all of the <u>Poulis</u> factors, the Court concludes that they weigh heavily in favor of granting Defendant Doll and Reisinger's motion to dismiss (Doc. No. 50) for Plaintiff's failure to prosecute.

## IV. CONCLUSION

For the foregoing reasons, Defendants Doll and Reisinger's motion to dismiss (Doc. No. 50) will be granted. The Court will also direct service of Defendant Bainbridge at the address provided by Plaintiff. An appropriate Order follows.